**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DAVID THARP, Board of Trustees Chairman, and DOUG ROBINSON, Board of Trustees Secretary, on behalf of INDIANA / KENTUCKY / OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; | ) ) ) ) ) ) ) ) |
| MARK McGRIFF, Board of Trustees Chairman, and GREG HAUSWALD, Board of Trustees Secretary, on behalf of INDIANA / KENTUCKY / OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; | ) ) ) ) ) ) ) ) ) CASE NO. 2:14-CV-458-PRC |
| MARK McGRIFF, Board of Trustees Co-Chairman, and WILLIAM NIX, Board of Trustees Co-Chairman, on behalf of INDIANA / KENTUCKY / OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; | ) ) ) ) ) ) ) |
| MARK McGRIFF, Board of Trustees Chairman, and JOE COAR, Board of Trustees Secretary, on behalf of INDIANA / KENTUCKY / OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; | ) ) ) ) ) ) ) ) ) ) |
| DOUGLAS J. McCARRON, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and | ) ) ) ) ) ) ) ) |

| | |
|---|---|
| INDIANA / KENTUCKY / OHIO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FIVE STAR FLOORING, L.L.C., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

On September 27, 2016, Plaintiffs Indiana / Kentucky / Ohio Regional Council of Carpenters Pension Fund, Defined Contribution Pension Trust Fund, Welfare Fund, Joint Apprenticeship and Training Fund, United Brotherhood of Carpenters Apprenticeship Training Fund of North America, and Indiana / Kentucky / Ohio Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America (the "Trust Funds" or the "Carpenters Union") appeared by counsel Thomas E. Moss and Suzanne C. Dyer. Defendant Five Star Flooring, L.L.C., appeared by its General Manager Frank Mattei and by counsel Paul B. Poracky. A contested Bench Trial was held. The Court received evidence.

Based upon the record of proceedings the Court FINDS, ORDERS, ADJUDGES, and DECREES:

## PROCEDURAL HISTORY

1. On December 23, 2014, Plaintiffs filed their Amended Complaint alleging two Counts. [DE 5].

2. On September 23, 2015, Defendant Five Star Flooring filed its Answer to Complaint. [DE 19].

3. On September 12, 2016, the Final Pre-Trial Conference was held [DE 35].

4. On September 27, 2016, the Bench Trial was held [DE 37].

5. On October 4, 2016, an Amended Pre-Trial Order was filed [DE 40].

6. On November 9, 2016, Plaintiffs and Defendant Five Star Flooring filed their respective Proposed Findings of Fact and Conclusions of Law [DE 43, 44].

7. The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) [DE 23].

## FINDINGS OF FACT

8. The Indiana / Kentucky / Ohio Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America ("the Carpenters Union") is a labor union representing and acting for various carpenters in Indiana and elsewhere.

9. The Plaintiff Trust Funds are entities created under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*; they are administered by the Carpenters Union.

10. Defendant Five Star Flooring, L.L.C., is a business based in Valparaiso, Porter County, Indiana engaged in floor construction, repair, and replacement. From time to time it hires carpenters to perform carpentry work.

11. On March 12, 2012, the Carpenters Union and the Northwest Indiana Contractor Association of Indiana, Inc., entered a written contract known as the Collective Bargaining Agreement (CBA) effective for the time period March 12, 2012, to May 31, 2015. Plaintiffs' Exhibit 2. The CBA was drafted by the Carpenters Union.

12. On June 5, 2013, the Carpenters Union and Five Star Flooring entered a written contract titled a Memorandum of Agreement adopting and incorporating the CBA "and all approved amendments." Plaintiffs' Exhibit 1. The Memorandum of Agreement was drafted by the Carpenters Union.

13. The Memorandum of Agreement and CBA require Five Star Flooring to submit monthly written reports of the hours of covered work done by carpenters and the various fringe benefits owed to the various Trust Funds and the Union on behalf of the carpenters.

14. The Memorandum of Agreement and CBA require that Five Star Flooring deduct certain amounts of money from the carpenters' pay checks and forward the withheld money to a third party depository.

15. The Memorandum of Agreement and CBA require that in the event of untimely payment, or non-payment, by Five Star Flooring, it must pay the delinquent principal, interest, liquidated damages, audit fees, attorney fees, and costs.

16. Patrick Cruickshank and Nicholas Landry began as "accepted applicants" with the Carpenters Union, as probationary apprentice carpenters, both on May 24, 2013. Their probationary time period was 180 days beginning that date.

17. The wording in the CBA at Article III, Section 3(b), page 5, does not exclude accepted applicants or probationary apprentices as "employees." Plaintiffs' Exhibit 2. The Court finds that Cruickshank and Landry were employees for the purposes of this case.

18. Sometime in 2013, the Carpenters Union adjusted the pay rates, and fringe benefit rates, for its carpenters performing commercial carpentry work for the time period June 1, 2013, to

May 31, 2014, and it drafted and issued an undated written schedule of the adjusted rates which was received by Five Star Flooring. Plaintiffs' Exhibit 4.

19. Cruickshank and Landry were hired by Five Star Flooring in 2013. They both performed commercial carpentry work as floor layers and finishers for Five Star Flooring during June, July, August, September, and October of 2013.

20. Five Star Flooring paid wages to, and fringe benefits on behalf of, Cruickshank and Landry in 2013 and submitted written reports to the Carpenters Union. Plaintiffs' Exhibit 10.

21. The Carpenters Union and the Trust Funds had an audit done for hours worked and payment of wages and fringe benefits for the Carpenters Union members who worked for Five Star Flooring. The audit was for the time period January 1, 2013, through December 31, 2013.

22. As a result of the audit, the Carpenters Union and the Trust Funds allege that they were shortchanged by Five Star Flooring. The Carpenters Union and the Trust Funds allege, based on the audit, that for the year 2013 Five Star Flooring is delinquent in payment of fringe benefits in the amount of $7,205.64 in relation to Cruickshank and Landry and that Five Star Flooring also owes audit fees of $6,350.00, interest of $740.58, and liquidated damages of $720.56 all in relation to Cruikshank and Landry. The total of these amounts is $15,016.78. Amended Pre-Trial Order [DE 40], pages 4 and 5, paragraph 6.

23. The payroll audit done in this case at the request of the Carpenters Union and the Trust Funds resulted in a billing of $6,350.00 by the auditor. The auditor billed for 63.5 hours at $100.00 per hour. Plaintiffs' Exhibit 8.

24. The audit involved an unspecified number of meetings of the auditor(s) with the Plaintiffs and Plaintiffs' attorneys but the number and length of the meetings are unknown.

25. The auditor's calculations of deficiencies in this case are mathematical computations that do not appear to be complex. Plaintiffs' Exhibit 8. The calculations were done by the auditor using a Microsoft Excel spreadsheet computer program.

26. Plaintiffs did not present in evidence a specific itemization of the auditor's time spent, nor a specific itemized description of auditor's work done, on this case.

27. The audit fee of $6,350.00 is unreasonably excessive. $2,116.66 is a reasonable amount for the audit fee.

28. The CBA provides that:

> If an audit of an employer's payroll discloses a delinquency in any of the above funds in excess of 5% of the total amount due . . . for the time period covered by the audit, the employer shall be assessed the costs of the audit plus any additional expenses incurred in the collection . . . including reasonable attorney's fees and court costs.

Plaintiffs' Exhibit 2, Article III, Section 8(a), page 10.

29. Although the total amount of fringe benefits owed by Five Star Flooring to Cruikshank and Landry is not in evidence as an amount, the evidence reasonably implies, and the Court finds, that the total of deficiencies owed them for fringe benefits exceeds 5% of the total amounts of fringe benefits due by Five Star Flooring for the time period of the audit.

## CONCLUSIONS OF LAW

30. The Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001, *et seq.*, as amended, applies, in part, to any multiemployer plan "which more than one employer is required to contribute" to and "which is maintained pursuant to one or more collective bargaining agreements." ERISA § 1002(37)(A)(i), (ii).

31. ERISA § 1145 provides, in part: "Every employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions."

32. ERISA § 1132 authorizes civil actions (lawsuits) to enforce the provisions of ERISA.

33. The Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. §§ 141, *et seq.*, as amended, applies not only to most employees but also to labor organizations. LMRA § 152(3), (5).

34. LMRA § 157 provides that employees and labor organizations may enter collective bargained agreements (contracts) with employers.

35. LMRA § 185(a) authorizes civil actions (lawsuits) by labor organizations against employers to enforce collective bargained agreements (contracts).

**ANALYSIS**

36. This case boils down to how to legally, factually, and reasonably interpret the Carpenters Union's document adjusting the wage and fringe benefit rates (Plaintiffs' Exhibit 4).

37. At all times relevant to this case, Cruickshank and Landry were probationary apprentice carpenters.

38. The undated document issued by the Carpenters Union adjusting the wage and fringe benefit rates for the time period June 1, 2013, to May 31, 2014, (Plaintiffs' Exhibit 4) is poorly drafted.

39. On the rate adjustment sheet is a section titled "Carpenters Fringe Package" without using the word "benefits." Another section is titled "Apprentice Benefits" without using the word "fringe".

7

40. On the wage adjustment sheet at the "Apprentice Wages" section, located next to the "Apprentice Benefits" section, are five lines for five categories of apprentices:

1. Probationary 180 Days Apprentices;
2. 1st Year Apprentices;
3. 2nd Year Apprentices;
4. 3rd Year Apprentices;
5. 4th Year Apprentices.

41. At the "Apprentice Wages" and "Apprentice Benefits" sections, the wage adjustment sheet establishes fringe benefit amounts for each of the five lines. At the first line for Probationary 180 Days Apprentices it states an Annuity rate and amount and a Pension rate and amount and by asterisk designation it reasonably implies that the amount of the other kinds of fringe benefits remain unchanged.

42. Five Star Flooring was required by the ERISA, the LMRA, the CBA, and the June 5, 2013, Memorandum of Agreement, in combination, to pay not only the Annuity amount and Pension amount (as shown at the 180 days probationary apprentice line) but also the six other "fringes" or "benefits" which are set forth in the "Carpenters Fringe Package" section on the rate adjustment sheet.

43. Five Star Flooring breached its contractual obligations owed to the Carpenters Union and the Trust Funds by not paying all of the fringe benefits due for Cruickshank and Landry as required by the CBA, the June 5, 2013, Memorandum of Agreement, and the rate adjustment sheet, in combination.

44. The amount of damages suffered by the Carpenters Union and the Trust Funds is $7,205.64 in fringe benefits unpaid, $2,116.66 in audit fees (amount reduced by the Court), $740.58

in interest, $720.56 in liquidated damages, for a sub-total of $10,783.44 together with attorney fees in an undetermined amount.

45. Five Star Flooring alleges that Plaintiffs filed their Amended Complaint in bad faith. The Court concludes that the claims of the Plaintiffs were not brought in bad faith.

46. Plaintiffs are the prevailing parties in this case.

## CONCLUSION

47. The Court hereby **ORDERS** the Clerk to enter judgment in favor of the Plaintiffs against Defendant Five Star Flooring, L.L.C., in the amount of $10,783.44 together with statutory judgment interest from and after November 30, 2016, and together with attorney fees and court costs.

48. The Plaintiffs shall file with the Court by **December 30, 2016**, an itemization of their attorney fees and court costs incurred in this case. Defendant Five Star Flooring shall have thirty days from the date of Plaintiffs' itemization filing within which to file an objection or other response. No reply shall be filed by Plaintiffs unless the Court notifies otherwise.

So **ORDERED** this 30th day of November, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT